# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Edward C. Hugler,<br>   Acting Secretary of Labor,<br>   United States Department of Labor,<br><br>      Plaintiff,<br>vs.<br><br>INFORMATION NETWORKING COMPANY, a California corporation; INFORMATION NETWORKING COMPANY SIMPLE IRA, an employee benefit plan; and JOHN B. RIDDLE, individual,<br><br>      Defendants. | Case No.: 8:18-cv-00098-CJC-KES<br><br>**CONSENT JUDGMENT & ORDER** |

    A.  Plaintiff Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Secretary") pursuant to his authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants INFORMATION NETWORKING COMPANY, a California corporation ("Company"), INFORMATION

NETWORKING COMPANY SIMPLE IRA[1], an employee benefit plan ("Plan"), and JOHN B. RIDDLE ("Riddle"), an individual.

B. The Secretary, the Company, Riddle, and the Plan (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Central District of California, Southern Division pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

C. The parties agree to the entry of this Consent Judgment and Order. The parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint.

D. Defendants Company and Riddle are fiduciaries of the Plan within the meaning of Section 3(21), 29 U.S.C. § 1002(21), of ERISA.

E. The Secretary's Complaint alleges that Defendants Company and Riddle breached the fiduciary duties imposed on them by ERISA Sections 403(c)(1), 404(a)(1)(A), (B), and (D), 406(a)(1)(D), and 406(b)(1) and (2), 29 U.S.C. §§ 1103(c)(1), 1104(a)(1)(A), (B), and (D), 1106(a)(1)(D), and 1106(b)(1) and (2), by failing to remit employee contributions to the Plan, and by failing to monitor and collect mandatory employer contributions.

F. The Secretary's Complaint alleges that, as a result of the breaches set forth in Paragraph E, *supra*, and as more fully alleged in the Secretary's Complaint, by their breaches of their ERISA fiduciary duties, Defendants Company and Riddle caused losses to the Plan of $40,657.70, with interest continuing to accrue, as of March 1, 2017.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. As of the date of this Consent Judgment and Order submitted, Defendants continue to owe the Plan __$47,408.33__ ("Amount Due") Judgment is hereby entered

---

[1] The Plan is named in the Complaint as a party necessary for complete relief. Fed. R. Civ. P. 19(a).

against Defendants Company and Riddle in said amount. See Exhibit A for an accounting of the Amount Due.

2. Defendants Company and Riddle shall

   a. By the first day of each month, remit at least $3,047 to the Plan's account until the entire Amount Due plus applicable interest is paid in full.

   b. Within five (5) business days of each installment payment identified in Paragraph 2, *supra*, Defendants Company and Riddle shall provide to the Secretary proof of the payments made in the form of cancelled checks (front and back), ACH electronic payment receipts, Plan Trust account statements, or other appropriate evidence demonstrating that the payment has been made.

3. Should Defendants Company and Riddle default or fail to timely comply with any requirements set forth herein, the remaining balance at the time of non-compliance shall become immediately due and payable and interest shall be assessed against such remaining unpaid balance at the rate provided by 26 U.S.C. § 6621(a) from the date of entry of this Consent Judgment and Order until the Amount Due plus applicable interest is paid in full, and the Secretary, will use whatever means possible to recover these amounts.

4. No amount restored to the Plan by Defendants Company or Riddle pursuant to this Consent Judgment and Order shall in any way be allocated to the Plan account of Defendant Riddle.

5. The waiver by Defendant Riddle of the restoration of unremitted employee contributions due to him, constitutes an alienation of benefits, and such waivers are permitted under ERISA § 206(d)(4)(A)(iii), 29 U.S.C. § 1056(d)(4)(A)(iii).

6. Defendants Company and Riddle agree that no fees or commissions incurred in connection with the payment of the Amount Due plus applicable interest will be paid by the Plan.

7. Defendant Riddle agrees that, in the event that he files for bankruptcy protection under any chapter of the United States Bankruptcy Code, within thirty (30) calendar days of filing a petition in any United States Bankruptcy Court, he will execute a stipulation with the Secretary and consent to the entry of an Order that the remaining unpaid balance due under this Consent Judgment and Order calculated through the date that Defendant Riddle files a bankruptcy petition is a nondischargeable debt pursuant to § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4) ("Stipulation"). The Stipulation and entry of a subsequent Order shall further provide for the continued accrual of interest at the rate set forth in 26 U.S.C. § 6621 from the date the relevant nondischargeability Order is issued until such time as the remaining unpaid balance due under this Consent Judgment and Order plus applicable interest is paid to the Plan in full.

8. Defendants Company and Riddle are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

9. Wherever submission to the Secretary is required under the terms of this Consent Judgment and Order, such submission shall be made to:

    Regional Director
    United States Department of Labor
    Employee Benefits Security Administration
    1055 East Colorado Boulevard, Suite 200
    Los Angeles, CA 91106-2357
    Telephone: 626-229-1000
    Fax: 626-229-1098

10. The Secretary and Defendants Company and Riddle shall each bear his/her/its own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

11. Defendants Company and Riddle expressly waive any and all claims of any nature which they have or may have against the Secretary, the U.S. Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

12. Upon Defendants Company and Riddle's payment to the Plan of the Amount Due plus applicable interest, as outlined in Paragraph 2 *supra* the Defendants shall be assessed a penalty under ERISA § 502(1), 29 U.S.C. § 1132(1), in the amount of twenty percent of the total amount repaid, plus applicable interest ("Applicable Recovery Amount"). Defendants Company and Riddle do not dispute such assessment and shall pay such assessment, unless a hardship waiver is granted, within sixty (60) days following the last payment pursuant to Paragraph 2 *supra*, the Defendants Company and Riddle shall pay the penalty amount to the U.S. Department of Labor, by sending a certified or cashier's check payable to the United States Department of Labor (please write "EBSA Case No. 72-036270(48)" on the check) to:

    U.S. Department of Labor
    ERISA Civil Penalty Collections
    P.O. Box 71360
    Philadelphia, PA  19176-13608

13. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the U.S. Department of Labor, Employee Benefits Security Administration.

14. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

15. By signing their names to this Consent Judgment and Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

The Court directs the entry of this Consent Judgment as a final order.
IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: April 6, 2018

_____
U. S. DISTRICT COURT

Entry of this Consent Judgment is hereby consented to:

| Approved this _1_ day of __March_____, 2017: | Approved this _31___ day of ___October_____, 2017: |
|---|---|
| By: _s/ John Riddle_____<br>JOHN B. RIDDLE<br>Individually and as CEO of<br>INFORMATION NETWORKING COMPANY<br>23621 Ridge Route Drive, Suite B<br>Laguna Hills, California 92653 | NICHOLAS C. GEALE<br>Acting Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>By: __s/ Ian Eliasoph_____<br>DANIELLE L. JABERG<br>IAN ELIASOPH<br>Counsel for ERISA<br><br>Attorneys for Plaintiff Secretary of Labor, U.S. Department of Labor |

# EXHIBIT A

**Information Networking Company SIMPLE IRA**
**Case Number: 72-036270(48)**
**Summary of Employee Contributions and Employer Contributions Outstanding**

|  | Johnson | Per Participant Silverii | Trombley | |
|---|---|---|---|---|
| Employee (EE) Contributions | $ 6,835.11 | $ 6,901.75 | $ 17,234.00 | $ 30,970.86 |
| Interests on EE Contributions | $ 1,937.12 | $ 2,322.70 | $ 3,587.83 | $ 7,847.65 |
| Employer (ER) Contributions | $ 2,310.42 | $ 4,741.32 | $ 5,335.10 | $ 12,386.84 |
| Interests on ER Contributions | $ 459.91 | $ 959.14 | $ 783.93 | $ 2,202.98 |
| (As of 1/18/2018) | $ 11,542.56 | $ 14,924.91 | $ 26,940.86 | $ 53,408.33 |

**Considerations - Restorations Made Prior to Investigation**

| | | | | |
|---|---|---|---|---|
| Checks to Johnson (11/19/2013-3/31/14) | $ 5,000.00 | | | |
| Check 6779 to Trombley (6/29/2015) | | | $ 1,000.00 | |
| | $ (5,000.00) | $ - | $ (1,000.00) | |
| Total Owed to Plan as of 1/18/2018 | $ 6,542.56 | $ 14,924.91 | $ 25,940.86 | $ 47,408.33 |

| | Total Amounts Due |
|---|---|
| Employee (EE) Contributions | $24,970.86 (Total EE Contributions Above [$30,970.86]- Restorations Made Prior to Investigation Above [$6,000]) |
| Interests on EE Contributions | $7,847.65 |
| Employer (ER) Contributions | $12,386.84 |
| Interests on ER Contributions | $2,202.98 |
| | $47,408.33 |